UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                    §
                                          §
DEPCIK, NANCY                             §    Case No. 10-54905
                                          §
              Debtor(s)                   §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on           .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joseph A. Baldi, Trustee_____
                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1 - DEPCIK

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 10-54905 | JBS | Judge: Jack B. Schmetterer | | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | DEPCIK, NANCY | | | | Date Filed (f) or Converted (c): | 12/13/10 (f) |
| | | | | | 341(a) Meeting Date: | 01/19/11 |
| For Period Ending: | 03/05/13 | | | | Claims Bar Date: | 09/21/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 2650 N. Lakeview, #3409, Chicago, Illinois | 400,000.00 | 0.00 | | 0.00 | FA |
| 2. 6512 Huntington Lakes Circle, #102, Naples, FL 341 | 120,000.00 | 0.00 | | 0.00 | FA |
| 3. 1289 Underhill Circle, Port Charlotte, FL (vacant | 29,000.00 | 0.00 | | 0.00 | FA |
| 4. 10860 McAlester, Port Charlotte, FL (vacant lot) | 44,900.00 | 0.00 | | 0.00 | FA |
| 5. Golden Gate Estates, Unit 63, Naples, FL | 12,000.00 | 0.00 | | 0.00 | FA |
| 6. 14339 Pittinger, Port Charlotte, FL | 17,500.00 | 0.00 | | 0.00 | FA |
| Vacant lot in Florida, value speculative, marketing costs may exceed sale, if buyer is found | | | | | |
| 7. 5140 Cobble Creek Ct., Unit 203, Naples, FL (condo | 190,000.00 | 0.00 | | 0.00 | FA |
| 8. 1606 Cayman Ct., Naples, FL | 298,000.00 | 0.00 | | 0.00 | FA |
| 9. The Abbey Resort, 269 Fontana Blvd., Unit 2368, Fo | 85,000.00 | 0.00 | | 0.00 | FA |
| 10. 1113 SE 47th Terrace, Cape Cod, FL (strip mall own | 614,000.00 | 0.00 | | 0.00 | FA |
| 11. Condo - Unit 5/403, Worldquest Resort, Orlando, Fl | 0.00 | 0.00 | | 0.00 | FA |
| 12. Cash on hand | 25.00 | 0.00 | | 0.00 | FA |
| 13. Checking Account at JP Morgan Chase Bank | 45.00 | 0.00 | | 0.00 | FA |
| 14. Household goods and furniture | 500.00 | 0.00 | | 0.00 | FA |
| 15. Books and family pictures | 50.00 | 0.00 | | 0.00 | FA |
| 16. Wearing Apparel | 500.00 | 0.00 | | 0.00 | FA |
| 17. Costume Jewelry | 300.00 | 0.00 | | 0.00 | FA |
| 18. WNA | 180,000.00 | 0.00 | | 0.00 | FA |
| 19. 2005 Accura TSX | 12,000.00 | 4,525.00 | | 4,525.00 | FA |
| 20. Computer, desk and fax machine | 100.00 | 0.00 | | 0.00 | FA |
| 21. Tax Refunds (u) | 0.00 | 3,761.00 | | 3,761.00 | FA |
| 22. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.46 | Unknown |
| 23. Promisory Note from Charles Siragusa | 128,000.00 | 12,800.00 | | 12,800.00 | FA |
| promisory note from co-owner of various properties, appears note maker | | | | | |

Case 10-54905 Doc 58 Filed 03/05/13 Entered 03/05/13 15:36:43 Desc Main
Document Page 4 of 10

FORM 1 - DEPCIK
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 2
Exhibit A

| Case No: | 10-54905 | JBS | Judge: Jack B. Schmetterer | Trustee Name: | Joseph A. Baldi, Trustee |
| Case Name: | DEPCIK, NANCY | | | Date Filed (f) or Converted (c): | 12/13/10 (f) |
| | | | | 341(a) Meeting Date: | 01/19/11 |
| | | | | Claims Bar Date: | 09/21/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| cannot pay in full, Trustee negotiated compromise with was approved by this Court | | | | | |
| TOTALS (Excluding Unknown Values) | $2,131,920.00 | $21,086.00 | | $21,086.46 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee sold Debtor's equity in car back to Debtor pursuant to Court order; and Trustee collected Estate's interest in
Debtor's 2010 tax refund; Trustee reviewed property values, most owned jointly with former boyfriend Charles Siragusa.
Siragusa proposed to buy estate interest in jointly owned properties for $5,000. Motion withdrawn when determined
Siragusa owes estate $128,000 on pre-petition promisory note; Trustee settled with Siragusa pursuant to Court authority
for collection of $12,800

Initial Projected Date of Final Report (TFR): 12/30/12    Current Projected Date of Final Report (TFR): 02/28/13

/s/    Joseph A. Baldi, Trustee
_____    Date: 03/05/13
JOSEPH A. BALDI, TRUSTEE

FORM 2 - Page 5

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 10-54905 -JBS | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | DEPCIK, NANCY | Bank Name: | Bank of America, N.A. |
| | | Account Number / CD #: | *******7178 Money Market Account (Interest Earn |
| Taxpayer ID No: | *******8769 | | |
| For Period Ending: | 03/05/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/06/11 | 19 | NANCY DEPCIK<br>2650 N. Lakeview<br>Unit 3409<br>Chicago, IL 60614 | SALE PROCEEDS: VEHICLES | 1129-000 | 4,525.00 | | 4,525.00 |
| 06/06/11 | 21 | NANCY DEPCIK<br>2650 N. Lakeview<br>Unit 3409<br>Chicago, IL 60614 | Tax Refund | 1229-000 | 3,761.00 | | 8,286.00 |
| 06/30/11 | 22 | Bank of America, N.A. | Interest Rate 0.010 | 1270-000 | 0.05 | | 8,286.05 |
| 07/29/11 | 22 | Bank of America, N.A. | Interest Rate 0.010 | 1270-000 | 0.07 | | 8,286.12 |
| 08/31/11 | 22 | Bank of America, N.A. | Interest Rate 0.010 | 1270-000 | 0.07 | | 8,286.19 |
| 09/30/11 | 22 | Bank of America, N.A. | Interest Rate 0.010 | 1270-000 | 0.07 | | 8,286.26 |
| 10/31/11 | 22 | Bank of America, N.A. | Interest Rate 0.010 | 1270-000 | 0.07 | | 8,286.33 |
| 10/31/11 | | Bank of America, N.A. | BANK SERVICE FEE | 2600-000 | | 10.56 | 8,275.77 |
| 11/30/11 | 22 | Bank of America, N.A. | Interest Rate 0.010 | 1270-000 | 0.07 | | 8,275.84 |
| 11/30/11 | | Bank of America, N.A. | BANK SERVICE FEE | 2600-000 | | 10.20 | 8,265.64 |
| 12/29/11 | 22 | Bank of America, N.A. | INTEREST REC'D FROM BANK | 1270-000 | 0.06 | | 8,265.70 |
| 12/29/11 | | Transfer to Acct #*******2798 | Bank Funds Transfer | 9999-000 | | 8,265.70 | 0.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 8,286.46 | 8,286.46 | 0.00 |
| Less: Bank Transfers/CD's | 0.00 | 8,265.70 | |
| Subtotal | 8,286.46 | 20.76 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 8,286.46 | 20.76 | |

Page Subtotals      8,286.46        8,286.46

UST Form 101-7-TFR (5/1/2011) (Page: 5)

LFORM24

Ver: 17.01

FORM 2 - Page 6

Page: 2

Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 10-54905 -JBS | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | DEPCIK, NANCY | Bank Name: | Congressional Bank |
|  |  | Account Number / CD #: | *******2798 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8769 |  |  |
| For Period Ending: | 03/05/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
|  |  | Separate Bond (if applicable): |  |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
|  |  |  | BALANCE FORWARD |  |  |  | 0.00 |
| 12/29/11 |  | Transfer from Acct #*******7178 | Bank Funds Transfer | 9999-000 | 8,265.70 |  | 8,265.70 |
| 02/07/12 | 001001 | International Sureties | TRUSTEE BOND NO. 016026455 | 2300-000 |  | 6.53 | 8,259.17 |
|  |  | 701 Poydras Street #420 |  |  |  |  |  |
|  |  | New Orleans, LA 70139 |  |  |  |  |  |
| 01/18/13 | 23 | Charles Siragusa | PROMISSORY NOTE | 1229-000 | 12,800.00 |  | 21,059.17 |
| 02/07/13 | 001002 | International Sureties | Bond Premium Payment | 2300-000 |  | 16.99 | 21,042.18 |
|  |  | 701 Poydras Street #420 | BOND # 016026455 |  |  |  |  |
|  |  | New Orleans, LA 70139 |  |  |  |  |  |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | 21,065.70 | 23.52 | 21,042.18 |
| Less: Bank Transfers/CD's | 8,265.70 | 0.00 |  |
| Subtotal | 12,800.00 | 23.52 |  |
| Less: Payments to Debtors |  | 0.00 |  |
| Net | 12,800.00 | 23.52 |  |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Money Market Account (Interest Earn - *******7178 | 8,286.46 | 20.76 | 0.00 |
| Checking Account (Non-Interest Earn - *******2798 | 12,800.00 | 23.52 | 21,042.18 |
|  | ---------------------- | ---------------------- | ---------------------- |
|  | 21,086.46 | 44.28 | 21,042.18 |
|  | ============ | ============ | ============ |
|  | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    21,065.70    23.52

| Page 1 | | EXHIBIT A - DEPCIK<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: March 05, 2013 |
|---|---|---|---|---|---|---|

Case Number:  10-54905  
Debtor Name:  DEPCIK, NANCY

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | JOSEPH A. BALDI, as Trustee<br>19 S. LaSalle Street<br>Suite 1500<br>Chicago, Illinois 60603 | Administrative | | $2,858.65 | $0.00 | $2,858.65 |
| 001<br>3110-00 | Baldi Berg & Wallace, Ltd.<br>19 S. LaSalle St.<br>Suite 1500<br>Chicago, IL 60603 | Administrative | | $9,370.00 | $0.00 | $9,370.00 |
| BOND<br>001<br>2300-00 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | Administrative | | $6.53 | $6.53 | $0.00 |
| 000001<br>070<br>7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $26,980.28 | $0.00 | $26,980.28 |
| | Case Totals: | | | $39,215.46 | $6.53 | $39,208.93 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-54905
Case Name: DEPCIK, NANCY
Trustee Name: Joseph A. Baldi, Trustee

Balance on hand                                             $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Attorney for Trustee Expenses: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Other: International Sureties | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses            $_____

Remaining Balance                                                 $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be    percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Chase Bank USA, N.A. | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be    percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be    percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE