UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Nancy Depcik, | ) | Case No. 10-54905 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | Hearing Date: April 9, 2013 |
| | ) | Hearing Time: 9:30 A.M. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:                Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:         Estate

Date of Order Authorizing
Employment:                       December 13, 2010

Period for Which
Compensation is sought:           December 13, 2010 to Close of Case

Amount of Fees sought:            $2,858.65

Amount of Expense
Reimbursement sought:             $0.00

This is an:    Interim Application __    Final Application  **X**

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:  N/A .

Dated: March 5, 2013                Joseph A. Baldi, Trustee of the Estate of
                                    Nancy Depcik, Debtor

                                    By:    /s/Joseph A. Baldi, Trustee
                                           Joseph A. Baldi, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | ) Chapter 7 |
| | ) |
| Nancy Depcik, | ) Case No. 10-54905 |
| | ) |
| Debtor. | ) Hon. Jack B. Schmetterer |
| | ) Hearing Date: April 9, 2013 |
| | ) Hearing Time: 9:30 A.M. |

### First and Final Application for Allowance and Payment of Compensation of Joseph A. Baldi, as Trustee

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Nancy Depcik ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $2,858.65 as final compensation for services rendered as trustee in this case from December 13, 2010 through the close of this case. In support thereof, Trustee states as follows:

### Introduction

1. Debtor commenced this case on December 13, 2010 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. The Estate's assets consisted of the Debtor's interest in an automobile, the Estate's interest in a tax refund, and the Debtor's right to receive payments under a promissory note.

4. The bar date for filing claims in this case was September 21, 2011.

### Prior Compensation

5. This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6.     Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case.

### Services Rendered by Trustee

7.     Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A.     Trustee reviewed the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs. Trustee conducted an examination of the Debtor pursuant Section 341 of the Code.

B.     Trustee negotiated with the Debtor for a sale of the Estate's interest in the automobile; upon receiving an acceptable offer, Trustee directed his attorneys to prepare and present a Motion to Sell the Vehicle to the Debtor; pursuant to this Court's order dated May 24, 2011, the Trustee recovered gross proceeds in the amount of $4,525.00 on account of the equity in the automobile;

C.     Trustee collected the Estate's interest in the Debtor's 2010 tax refund;

D.     Trustee examined the Estate's interest in multiple parcels of real property located in Florida ("Real Property") jointly owned by the Debtor and Mr. Siragusa; while there was no equity in the Real Property, Trustee initially negotiated with Mr. Siragusa for a sale of the Debtor's interest in the Real Property for $5,000 and directed his attorneys to seek court approval of the sale; thereafter, Trustee learned of an outstanding note payable from Mr. Siragusa in favor of the Debtor in the principal amount of $128,000 ("Note"); Trustee directed his attorneys to withdraw the motion to sell the Real Property to Siragusa and directed his attorneys to pursue recovery of the proceeds due under the Note; as requested by Trustee, Trustee's attorneys filed an adversary complaint against Siragusa for a turnover of the proceeds due

2

under the Note; ultimately, Trustee settled with Siragusa, which was approved pursuant to this Court's order, for a payment to the Estate of $12,800.00;

E. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

F. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

G. Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

H. Trustee examined, analyzed and verified proofs of claim filed against the Estate; and

I. Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

## Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $21,086.46 on behalf of the Estate. Trustee has made $27.29 in disbursements in this case as of the date hereof.

9. Copies of the *Form I Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to hereto the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

## Compensation Requested

10. During the period covered by this Application, Trustee has spent 12.30 hours rendering services on behalf of this Estate with a value of $2,990.00. Trustee estimates that he will spend an additional four hours rendering services with a value of $1,035.00 to obtain

approval of the final report, make a final distribution to creditors and prepare and file his final account.

11. The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above is $2,858.65 as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | $1,250.00 |
| 10% of the next $16,086.46 | $1,608.65 |
| Total allowable compensation | $2,858.65 |

After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a distribution to general unsecured creditors. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtor.

12. Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $2,858.65. This amount represents reasonable compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

**Status of the Case**

15. The Trustee has liquidated or sought to abandon at closing all of the assets of the Estate and has completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Nancy Depcik requests the entry of an order providing the following:

      A.     Allowing to Trustee final compensation in the amount of $2,858.65 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from December 13, 2010 through the closing of this case;

      B.     Authorizing Trustee to make a distribution of the monies awarded above as part of his final distribution in this case, and

      C.     For such other and further relief as this Court deems appropriate.

Dated:  February 7, 2013

Joseph A. Baldi, as trustee of the estate of
Nancy Depcik, Debtor

By:_____/s/_____
         Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
19 S. LaSalle St.   Suite 1500
Chicago, IL  60603
(312) 726-8150

5

**Trustee's Final Fee Application**          **Nancy Depcik, Debtor**
                                             **Case No. 10-54905**

**Trustee's Itemized Billing Statements**

**Exhibit A**

**Baldi Berg & Wallace, Ltd.**
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603

Phone: (312) 726-8150
Fax:    (312) 726-5067

FEIN: 36-4352753

**Invoice submitted to:**

February 2, 2013
Invoice No:   02160

Joseph A. Baldi, trustee
c/o Baldi Berg & Wallace, Ltd.
19 South LaSalle Street
Suite 1500
Chicago, Illinois 60603

**In Reference to:**   *Depcik - Trustee*

**Professional Services**

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 6/03/2011 | JAB | Review file (.3), telephone call to potential purchaser of real estate re same (.3). Review checks received for estate property and process (.1) | 0.70 $400.00/hr | $280.00 |
| 6/20/2011 | RKP | Review status of case (.1); file asset report to establish bar date (.1) | 0.20 $190.00/hr | $38.00 |
| 7/20/2011 | RKP | Reconcile estate bank accounts for June 2011 | 0.10 $190.00/hr | $19.00 |
| 8/09/2011 | RKP | Update claims with transfer of claim | 0.10 $190.00/hr | $19.00 |
| 8/29/2011 | RKP | Review case status and prepare update for meeting with J. Baldi | 0.10 $190.00/hr | $19.00 |
| 10/03/2011 | RKP | Review and update case status in system for 3rd quarter review | 0.10 $190.00/hr | $19.00 |
| 10/11/2011 | RKP | Reconcile estate bank accounts (August 2011) | 0.10 $190.00/hr | $19.00 |

**Baldi Berg & Wallace, Ltd**                                                2/02/2013

Depcik - Trustee                                                     Page    2

| Date | Initials | Description | Hours / Rate | Amount |
|---|---|---|---|---|
| 10/13/2011 | RKP | Reconcile estate bank accounts (September 2011) | 0.10<br>$190.00/ hr | $19.00 |
| 12/14/2011 | RKP | Reconcile estate bank accounts | 0.10<br>$190.00/ hr | $19.00 |
| 1/26/2012 | JAB | Review file, update for annual reports | 0.30<br>$450.00/ hr | $135.00 |
| 2/06/2012 | RKP | Review bond invoice, allocate premium per Estate based upon funds on hand, prepare distribution check | 0.10<br>$195.00/ hr | $19.50 |
| 2/27/2012 | RKP | Perform account reconciliation for Estate bank accounts as of December 28, 2011 (.2); December 30, 2011 (.2); update posted transactions and reconcile account to January 31, 2012 (.2) | 0.60<br>$195.00/ hr | $117.00 |
| 3/07/2012 | JAB | Review bank statements, update financial records | 0.10<br>$450.00/ hr | $45.00 |
| 3/12/2012 | RKP | Perform account reconciliation for February 2012. | 0.10<br>$195.00/ hr | $19.50 |
| 4/03/2012 | JAB | Review file (.3), confer with DBW re follow up and suit against Siragusa on note receivable (.2). Email to Siragusa's attorney re same (.1) | 0.60<br>$450.00/ hr | $270.00 |
| 4/12/2012 | JMM | Process March 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$85.00/ hr | $17.00 |
| 5/08/2012 | JMM | Review Bank Statement & Reconcile Bank Account | 0.20<br>$85.00/ hr | $17.00 |
| 6/11/2012 | JMM | Process May 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$85.00/ hr | $17.00 |
| 8/07/2012 | JMM | Process June 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |

# Baldi Berg & Wallace, Ltd

2/02/2013

Depcik - Trustee

Page   3

| Date | Staff | Description | Hours / Rate | Amount |
|---|---|---|---|---|
| 8/27/2012 | JMM | Process July 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 9/27/2012 | JMM | Process August 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 10/05/2012 | JMM | Process September 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 11/16/2012 | JMM | Process October 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 12/04/2012 | JAB | Confer with DBW re settlement with Siragusa (.1), review settlement agreement re same (.2). | 0.30<br>$450.00/ hr | $135.00 |
| 12/07/2012 | JAB | Review claims, expenses and fees to date, dividend on closing of settlement. | 0.50<br>$450.00/ hr | $225.00 |
| 12/21/2012 | JMM | Process November 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 12/26/2012 | JAB | Review case status and tasks to close, note follow up needed. | 0.20<br>$450.00/ hr | $90.00 |
| 1/14/2013 | JMM | Process December 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 1/18/2013 | JMM | Deposit Check into TCMS (.1), Send to Congressional via FedEx (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 1/20/2013 | RKP | Review case file and documents re: 2012 tax return obligation (.2); memo to L. West re: same (.1). | 0.30<br>$195.00/ hr | $58.50 |

## Baldi Berg & Wallace, Ltd

2/02/2013

Depcik - Trustee

Page 4

| Date | Initials | Description | Hours / Rate | Amount |
|---|---|---|---|---|
| 1/23/2013 | JAB | Review case status, status of tax returns, closing of case (.4). Memo to Ricki re closing (.2). | 0.50<br>$450.00/hr | $225.00 |
| 1/24/2013 | JMM | Draft email to Lois West re: 2012 Taxes | 0.10<br>$125.00/hr | $12.50 |
| 1/31/2013 | RKP | Review case file for information needed to prepare TFR (.4); update system information with data, as needed, for preparation of TFR and related documents (.4). | 0.80<br>$195.00/hr | $156.00 |
| 2/02/2013 | RKP | Draft Trustee fee application (1.3); draft proposed order, affidavit and coversheet (.3); review and edit same (.4); update system with final admin claims (.1); prepare TFR (1.0); prepare NFR (.5); review and edit same (.4). | 4.00<br>$195.00/hr | $780.00 |

|  |  |
|---|---|
| Total Fees | $2,990.00 |
| Total New Charges | $2,990.00 |
| Previous Balance | $0.00 |
| Balance Due | $2,990.00 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Joseph A Baldi | 0.70 | $400.00 |
| Joseph A Baldi | 2.50 | $450.00 |
| Jason M Manola | 0.60 | $85.00 |
| Jason M Manola | 1.70 | $125.00 |
| Ricki K Podorovsky | 0.90 | $190.00 |
| Ricki K Podorovsky | 5.90 | $195.00 |

**Trustee's Final Fee Application**                           **Nancy Depcik, Debtor**
                                                              **Case No. 10-54905**










                              **Rule 2016 Affidavit**
















                                  **Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Nancy Depcik, | ) | Case No. 10-54905 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Baldi, Berg & Wallace, Ltd., a law firm at which I was employed during the pendancy of this case. I have not previously received payment of any compensation for services rendered in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on February 7, 2013

_____
Notary Public

```
OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015
```

**Exhibit B**